UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **GEORGE K. HENAGAN** | **CASE NO. 6:21-CV-03946** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **CITY OF LAFAYETTE, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

## RULING ON OBJECTIONS

A motion for sanctions and several motions to dismiss this civil rights litigation were referred to United States Magistrate Judge Patrick J. Hanna for Report and Recommendation ("R&R").[1] On August 16, 2022, the Magistrate Judge issued his R&R and recommended as follows:

1. The motions to dismiss filed by Mayor-President Josh Guillory ("the Mayor"), Chief of Police Scott Morgan, and Lafayette Police Officer Joshua Myers be denied, but that "limited discovery on the issue of qualified immunity as asserted by [these Defendants] be permitted subject to such conditions as the district court may deem appropriate;"[2]

2. The motion to dismiss filed by Lafayette City-Parish Consolidated Government ("LCG") be denied;

3. The motion for Rule 11 sanctions filed by the Mayor be denied;

4. The motion to dismiss filed by Lafayette City-Parish Attorney Greg Logan be granted; and

5. That Plaintiff George K. Henagan "be ordered to amend his complaint to further specify the relief sought as to each remaining named defendant."[3]

---

[1] ECF Nos. 22, 54-55, 57-58; *see also* ECF Nos. 24, 60. Upon the retirement of Judge Hanna, U.S. Magistrate Judge Carol B. Whitehurst was assigned to this case. The report and recommendation was filed by Judge Hanna prior to his retirement.
[2] ECF No. 90 at 43, ¶¶ 3, 5.
[3] *Id.* at ¶ 8.

Only the Mayor and LCG have filed objections to the Report and Recommendation.[4] Plaintiff has filed his response.[5] The matter is now ripe for consideration.

# I.
## BACKGROUND

The Mayor and LCG seek dismissal of all claims brought against them by Plaintiff pursuant to Fed. R. Civ. P. 12(b)(6). The Mayor (who is sued solely in his individual capacity) asserts he "is either immune or insufficiently and improperly pled in the suit," and therefore all claims asserted against him must be dismissed.[6] LCG asserts Plaintiff "has not pled sufficiently the requirements for municipality liability under 42 U.S.C. § 1983," and therefore all claims asserted against LCG must be dismissed.[7] With regard to the Mayor, the R&R finds that Plaintiff has pleaded sufficient facts to state a claim against him for violations of Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments, and that Plaintiff has alleged sufficient facts to defeat qualified immunity at the motion to dismiss stage.[8] With regard to LCG, the R&R finds that Plaintiff has pleaded sufficient facts to state a claim against LCG for municipal liability.[9]

# II.
## STANDARD OF REVIEW

District judges may refer dispositive motions to a magistrate judge for issuance of proposed findings of fact and recommendations for disposition.[10] The governing statute provides for the filing of written objections to proposed findings and recommendations and for a *de novo*

---

[4] ECF No. 91.
[5] ECF No. 93.
[6] ECF No. 55-1 at 8; *see also* ECF No. 29 at 4, ¶ 13..
[7] ECF No. 54-1 at 7.
[8] ECF No. 90 at 22, 24, 27.
[9] *Id.* at 38-41.
[10] 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b)(1).

determination of matters "to which objection is made."[11] If objections are filed, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[12] If no objections are filed, the district court is not required to review the magistrate judge's report, nor is it prohibited from doing so.[13]

"A motion to dismiss for failure to state a claim concerns the 'formal sufficiency of the statement of the claim for relief,' not a lawsuit's merits."[14] To prevail on such a motion, a defendant must show that "even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief."[15] When reviewing a motion to dismiss, courts must "assume that the facts the complaint alleges are true and view those facts in the light most favorable to the plaintiff."[16] If the complaint alleges sufficient factual matter to state a claim for relief that is plausible on its face, the motion must be denied.[17] "Although this framework is one-sided, the issue is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims. The other side will have its say later."[18] When considering a Rule 12(b)(6) motion, a district court generally "must limit itself to the contents of the pleadings, including

---

[11] 28 U.S.C. § 636(1); *see also* Fed. R. Civ. P. 72(b)(2), (3); *Thomas v. Arn*, 474 US. 140, 147 (1985) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.")
[12] 28 U.S.C. § 636(1); *see also* Fed. R. Civ. P. 72(b)(3) (The district judge may additionally "receive further evidence; or return the matter to the magistrate judge with instructions.")
[13] *Arn*, 474 U.S. at 153-54.
[14] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020) (quoting *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996)).
[15] *Id.* at 581.
[16] *Id.* Conclusory allegations and unwarranted deductions are not accepted as true, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the pleading must contain something more than a statement of facts which merely creates a suspicion of a legally cognizable right of action. *Twombly* at 555.
[17] *Sewell* at 582.
[18] *Id.* (internal quotation marks omitted) (quoting *Doe* at 1401).

attachments thereto."[19] However, "[t]he court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims."[20] Further, "the court may permissibly refer to matters of public record."[21]

## III.
### DISCUSSION

The Mayor and LCG lodge the following objections:

1. The Magistrate Judge "applied the wrong standard of review when addressing the constitutionality of the statute/ordinances."[22]

2. "The issues of the constitutionality of § 62-71 and § 62-32(a)(7) are now moot."[23]

3. Plaintiff has failed to allege sufficient facts to support a § 1983 supervisory liability claim against the Mayor.[24]

4. Plaintiff has failed to allege sufficient facts to overcome qualified immunity with regard to the Mayor.[25]

5. "Plaintiff has no cognizable § 1983 claim against LCG."[26]

The Court now addresses each objection in turn.

**A.     The appropriate level of scrutiny.**

Defendants contend the Magistrate Judge "incorrectly applied a 'strict scrutiny' standard when addressing the constitutionality of the statute/ordinances," rather than intermediate scrutiny.[27] The Court notes the Report and Recommendation only addresses the appropriate level

---

[19] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[20] *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).
[21] *Cinel v. Connick*, 15 F.3d 1338, 1343, n.6 (5th Cir. 1994); *see also Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 570, n.2 (5th Cir. 2005).
[22] ECF No. 91 at 1 (emphasis omitted).
[23] *Id.* at 2 (emphasis omitted).
[24] *Id.*
[25] *Id.* at 4.
[26] *Id.* at 7 (emphasis omitted).
[27] *Id.* at 1.

of scrutiny that applies to former Laf. Ord. § 62-71 ("Begging and soliciting money")—the ordinance for which Plaintiff was cited.[28] To the extent that Defendants argue the Magistrate Judge applied an incorrect level of scrutiny to any of the other ordinances or the statute addressed in Plaintiff's Amended Complaint, the Court finds Defendants have forfeited such an objection for purposes of the motions presently before the Court, due to Defendant's failure to make any such arguments to the Magistrate Judge or in their objection.[29] As to Laf. Ord. § 62-71,[30] Defendants argue as follows:

> [The Magistrate Judge's application of strict scrutiny] was in contravention of the recent United State [sic] Supreme Court case, *City of Austin, Texas v. Regan National Advertising of Austin, LLC*, which provided "the First Amendment allows for regulations of solicitation." The Court provided such regulations are content-neutral so long as they do not discriminate based on topic, subject matter or viewpoint. Accordingly, such regulations would be subject to "intermediate" rather than "strict scrutiny." Under this more lenient standard, as previously briefed, the statute/ordinances are clearly unconstitutional.[31]

The Court is unpersuaded. First, Defendants fail to properly support their argument that Lft. Ord. § 62-71 is "clearly constitutional" under "intermediate scrutiny," because they provide no discussion or analysis of how or why the ordinance passes the intermediate scrutiny test. Indeed, they do not even set forth the intermediate scrutiny test.[32] More importantly, as Defendants acknowledge, *City of Austin* reaffirms longstanding precedent that "the First Amendment allows for regulations of solicitation," *provided that* such regulations "do not discriminate based on topic,

---

[28] *See* ECF No. 90 at 10-12.
[29] *See e.g. Freeman v. Cnty of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998).
[30] Although Defendants did not make any argument to the Magistrate Judge as to the appropriate level of review, the Court addresses the merits of this objection due to its importance to this litigation.
[31] ECF No. 91 at 1-2 (footnotes omitted; citing *City of Austin*, 142 S.Ct. 1464, 1473 (U.S. 2022)).
[32] A regulation passes intermediate scrutiny if "it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." *Turner Broad. Sys., Inc. v. F.C.C.*, 512 U.S. 622, 662 (1994) (quoting United States v. O'Brien, 391 U.S. 367, 377 (1968)); *see also City of Austin* at 1475.

subject matter, or viewpoint."[33] Here, the Magistrate Judge found Lft. Ord. § 62-71 does discriminate based upon topic and speaker, and Defendants make no argument that it does not.[34] For these reasons, this objection is OVERRULED.

**B.      Whether the Constitutionality of Ordinances 62-71 and 62-32(A)(7) is a moot issue.**

Defendants' argue the Magistrate Judge "erroneously concluded that the issues of the constitutionality of [Lft Ord. §§ 62-71 and 62-32(a)(7)] are not moot because LCG may reenact these ordinances in the future."[35] Defendants then cite to a statement in *McCorvey v. Hill* which reads, "Suits regarding the constitutionality of statutes become moot once the statute is repealed."[36] However, Defendants ignore the "exception to the mootness rule" set forth in that same opinion for situations "where there is evidence, or a legitimate reason to believe, that the state will reenact the statute or one that is substantially similar."[37] Beyond Defendants' wholly conclusory statement that "[h]ere, there is no such evidence," they do not address any of the reasons cited by the Magistrate Judge in support of application of the exception to the mootness rule. Accordingly, this objection is OVERRULED.

**C.      Whether Plaintiff has stated a cognizable § 1983 claim against the Mayor.**

**1.      Supervisor Liability**

The Magistrate Judge recommends that the Court deny the Mayor's motion to dismiss to the extent that it seeks dismissal of Plaintiff's claim against him for supervisory liability. A supervisory official may be held liable if "he implements unconstitutional policies that causally

---

[33] *City of Austin* at 1473.
[34] ECF No. 90 at 10-11; *see also Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 340 753 (2010) (The First Amendment prohibits "restrictions distinguishing among different speakers, allowing speech by some but not others.")
[35] ECF No. 91 at 2 (citing ECF No. 90 at 19).
[36] *Id.* (quoting *McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004)).
[37] *McCorvey* at 849 n.3 (citing *City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 289 (1982); *Northeastern Florida Chapter of Associated Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, 662 (1993)).

result in the constitutional injury."[38] To establish supervisor liability for constitutional violations committed by subordinate employees, a plaintiff must show "that the supervisor acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates."[39] Deliberate indifference requires proof "that a municipal actor disregarded a known or obvious consequence of his action."[40]

The Mayor objects to the Magistrate Judge's recommendation, arguing he has no supervisory authority over "police officers enforcing the ordinances."[41] In support, Defendants cite § 4-13 of LCG's Home Rule Charter, which provides in pertinent part, "The governing authority of the Police Department shall be the City Council. The director of the police department shall be the chief of police who shall be appointed by the Mayor-President in accordance with applicable state police civil service law."[42] The Mayor thus concludes that because the City Council, rather than the Mayor, is the "governing authority" of the Police Department, "Plaintiff can have no claim against Mayor Guillory for 'deliberate indifference.'"[43]

In response, Plaintiff points to § 3-01 of the Home Rule Charter which provides, "The Mayor-President shall be the chief executive officer of the City of Lafayette, the Parish of Lafayette, and the City-Parish Government and shall exercise general executive and administrative authority over all departments, offices and agencies, except as otherwise provided by this

---

[38] *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (quoting *Gates v. Texas Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008)).
[39] *Peña v. City of Rio Grande City*, 879 F.3d 613, 620 (5th Cir. 2018) (alterations and emphasis omitted) (quoting *Porter* at 446).
[40] *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997)).
[41] ECF No. 91 at 4.
[42] LCG Home Rule Charter § 4-13(A).
[43] ECF No. 91 at 4.

charter."[44] Plaintiff further notes that the provision of the Home Rule Charter relied upon by Defendants (§ 4-13) grants the Mayor the authority to appoint the chief of police. Plaintiff argues that when these two provisions are considered together, they show that the Mayor "has *de facto* supervisory authority over the police department."[45] Finally, Plaintiff contends he has "alleged sufficient facts [in his Complaint] that Mayor Guillory has actual supervisory authority over the police department," which is sufficient to survive a Rule 12(b)(6) motion, even if the Court were to agree with the Mayor's interpretation of the Home Rule Charter.

Whether the Home Rule Charter grants the Mayor the power to exercise supervisory authority over *individual police officers* is not dispositive to the Mayor's motion to dismiss, and therefore such a determination is not made at this time. At a minimum, the Home Rule Charter grants the Mayor the authority to appoint the chief of police. The Complaint alleges that the Mayor implemented unconstitutional policies resulting in violations of Plaintiff's constitutional rights; that at the direction of the Mayor, the chief of police—who is the Mayor's subordinate—then implemented the Mayor's unconstitutional policies; and that the Mayor enacted these policies with deliberate indifference to violations of the constitutional rights of Plaintiff and others similarly situated.[46] These allegations are sufficient to state a claim against the Mayor for supervisory liability. For these reasons, as well as those discussed by the Magistrate Judge, this objection is OVERRULED.[47]

---

[44] LCG Home Rule Charter § 3-01. Plaintiff additionally argues the provision of the Home Rule Charter relied upon by the Mayor (§ 4-13) "refers to the city police department falling under the legislative purview of the city council instead of the parish council." ECF No. 93 at 7.
[45] ECF No. 93 at 7.
[46] ECF No. 29 at 5-7, 9 ¶¶ 23, 25-28, 38-39; see also e.g. *Hinojosa v. Livingston*, 807 F.3d 657, 668 (5th Cir. 2015).
[47] *See* ECF No. 90 at 22-27.

### 2. Qualified Immunity

The Mayor contends the Magistrate Judge erred in finding that the Mayor is not entitled to qualified immunity on Plaintiff's claims for violations of his constitutional rights under the First, Fourth and Fourteenth Amendments.[48] "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[49] Qualified immunity is nominally an affirmative defense.[50] However, once the defense is properly raised, "the plaintiff must rebut it by establishing (1) that the officer violated a federal statutory or constitutional right and (2) that the unlawfulness of the conduct was 'clearly established at the time.'"[51] Ordinarily, a plaintiff defeats the second prong of this test "by citing governing case law finding a violation under factually similar circumstances."[52] However, "[o]fficials can still be on notice that their conduct violates clearly established law even in novel factual circumstances."[53] Although rare, "in an obvious case, analogous case law is not needed because the unlawfulness of the challenged conduct is sufficiently clear even though existing precedent does not address similar circumstances."[54]

The Mayor contends he is immune from Plaintiff's claims because Plaintiff has failed to overcome the second element of the qualified immunity test—specifically, that the unlawfulness of the Mayor's conduct was "clearly established" at the time of Plaintiff's citation on November 12, 2020. According to the Mayor, the Magistrate Judge found that "the right of citizens to engage

---

[48] ECF No. 91 at 4 (citing ECF No. 90 at 22).
[49] *Rivas-Villegas v. Cortesluna*, 142 S.Ct. 4, *7 (2021) (quoting *White v. Pauly*, 580 U.S. 73; 137 S.Ct. 548, 551 (2017)).
[50] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).
[51] *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019) (quoting *D.C. v. Wesby*, 138 S.Ct. 577, 589 (2018)).
[52] *Villarreal v. City of Laredo, Texas*, 44 F.4th 363, 370 (5th Cir. 2022); *see also Palko* at 294.
[53] *Villarreal* at 370 (alteration omitted) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)).
[54] *Joseph on behalf of Estate of Joseph v. Bartlett*, 981 F.3d 319, 330 (5th Cir. 2020) (internal quotation marks, alteration omitted) (quoting *Wesby*, 138 S.Ct. 577, 590); *see also Villarreal* at 370.

in panhandling as protected speech was clearly established" at the time of Plaintiff's arrest by citing to "*Reed* and its progeny."[55] The Mayor argues this reliance was misplaced, because in *City of Austin*, the United States Supreme Court "suggested" the cases interpreting *Reed* were "too extreme an interpretation" of *Reed* "and thus wrongly decided."[56]

The Court disagrees. *City of Austin* determined that the Fifth Circuit, in *its* underlying decision, employed "too extreme an interpretation of this Court's precedent," not that "*Reed* and its progeny" were wrongly decided.[57] *City of Austin* addressed whether a city's sign ordinance—which distinguished between on-premises and off-premises signs—was subject to strict scrutiny based upon the Court's precedents interpreting the First Amendment.[58] The Court began its discussion of the First Amendment by quoting *Reed*, stating that "[a] regulation of speech is facially content based under the First Amendment if it 'target[s] speech based on its communicative content'—that is, if it 'applies to particular speech because of the topic discussed or the idea or message expressed.'"[59] The Fifth Circuit interpreted the forgoing statement from *Reed* "to mean that if '[a] reader must ask: who is the speaker and what is the speaker saying' to apply a regulation, then the regulation is automatically content based."[60] The Supreme Court found that the Fifth Circuit's rule, which the Supreme Court characterized as holding "that a regulation cannot be content neutral if it requires reading the sign at issue," constituted "too extreme an interpretation" of Supreme Court precedent.[61] The Court then differentiated *Reed*, which involved

---

[55] ECF No. 91 at 5 (quoting ECF No. 90 at 14) (citing *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155 (2013)).
[56] ECF No. 91 at 5.
[57] *City of Austin*, 142 S.Ct. at 1471.
[58] *Id*. at 1469.
[59] *Id.* at 1471 (quoting *Reed* at 163).
[60] *Id.* (quoting *Reagan Nat'l Advert. of Austin, Inc. v. City of Austin*, 972 F.3d 696, 706 (5th Cir. 2020), rev'd and remanded sub nom. *City of Austin, Texas v. Reagan Nat'l Advert. of Austin, LLC*, 142 S.Ct. 1464 (2022)).
[61] *Id.*

a sign code that "singled out specific subject matter for differential treatment," from the City of Austin's sign code, which required an examination of speech "only in service of drawing neutral, location-based lines," but was "agnostic as to content."[62] Nothing in *City of Austin* changed the Supreme Court's long-standing precedent that "[a] law that is content based on its face is subject to strict scrutiny."[63] The Court finds no error in the Magistrate Judge's determination that former Laf. Ord. § 62-71 is content based on its face and therefore subject to strict scrutiny, nor does it find any error in the Magistrate Judge's determination that the ordinance "was not narrowly tailored to serve a compelling government interest."[64]

The Mayor next argues Plaintiff has not sufficiently shown that the unlawfulness of the Mayor's conduct was "clearly established" with regard to La. R.S. § 14:97.[65] This objection fails for two reasons. First, the Mayor did not address this issue in the underlying motion, and therefore, he has forfeited this objection for purposes of the pending motion.[66] Second, qualified immunity applies only to claims for money damages; it does not extend to claims for declaratory or injunctive relief.[67] With regard to La. R.S. § 14:97, Plaintiff seeks only declaratory and injunctive relief.[68] Accordingly, this objection is OVERRULED.

---

[62] *Id.* (alteration omitted).
[63] *Reed* at 165; *see also City of Austin* at 1473.
[64] ECF No. 90 at 11, 12.
[65] Louisiana Revised Statute 14:97 ("Simple obstruction of a highway of commerce") prohibits "the intentional or criminally negligent placing of anything or performance of any act on any . . . road, highway, [or] thoroughfare, . . . which will render movement thereon more difficult." The Court notes Laf. Ord. § 62-68 ("Simple obstruction of a highway of commerce") is identical to La. R.S. § 14:97 in all respects other than its penalty provision. *Compare* La. R.S. § 14:97(B) (authorizing a fine of not more than $200.00, or imprisonment for not more than six months, or both), *with* Laf. Ord. § 62-68(b) *and* Laf. Ord. § 1-9(c) (authorizing a fine of not more than $500.00, or imprisonment for not more than six months, or both).
[66] *See e.g. Freeman*, 142 F.3d at 852 (5th Cir. 1998).
[67] *Waller v. Hanlon*, 922 F.3d 590, 598 (5th Cir. 2019); *Robinson v. Hunt County, Texas*, 921 F.3d 440, 452 (5th Cir. 2019).
[68] ECF No. 29 at 18, ¶¶ E-H.

**D. Whether Plaintiff has stated a cognizable § 1983 claim against LCG.**

LCG argues the Magistrate Judge erred in finding Plaintiff has sufficiently pleaded a § 1983 claim against LCG, "because the ordinances at issue are constitutional" under *City of Austin*.[69] For the reasons set forth in section II(A), this objection is OVERRULED.

## IV.
### CONCLUSION

For the reasons set forth in this Ruling, the Objections filed by Mayor-President Josh Guillory and Lafayette City-Parish Consolidated Government are OVERRULED.

THUS DONE in Chambers on this 27th day of September, 2022.

ROBERT R. SUMMERHAYS<br>
UNITED STATES DISTRICT JUDGE

---

[69] ECF No. 91 at 7 (citing *City of Austin*, 142 S.Ct. at 1473).